**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| **ANTHONY BOUKNIGHT** )<br>1618 Winesapp Drive )<br>Odenton, Maryland 21113 )<br> )<br>      **Plaintiff,** )<br> )<br>      v. )<br> )<br>**D.C. FIRE and EMS DEPARTMENT** )<br>441 4th Street, NW, Suite 370 )<br>Washington, DC 20001 )<br> )<br>Serve: Office of the Attorney General )<br>      for the District of Columbia )<br>      441 4th Street N.W. 6th Floor South )<br>      Washington, D.C. 20001 )<br> )<br>**AND** )<br> )<br>**DISTRICT OF COLUMBIA GOVERNMENT** )<br>(A Municipal Corporation) )<br> )<br>Serve: Honorable Anthony Williams, )<br>      or designated representative )<br>      District of Columbia Government )<br>      1350 Pennsylvania Avenue N.W. )<br>      Washington, D.C. 20004 )<br> )<br>      **Defendants.** ) | **Case No.: _____** |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

     **COMES NOW,** the Plaintiff, Anthony Bouknight, by and through his attorney, Donna Williams Rucker, Esquire and DUBOFF AND ASSOCIATES CHARTERED, and files suit against the above named defendant, and for cause of action states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is proper pursuant 42 U.S.C. §§ 2000(e) et seq., §1981 of the Civil Rights Act, and Title VII of the Civil Rights Act of 1964, and the District of Columbia Human Rights Act.

2. Venue is appropriate and based on the fact that the actions complained of are the result of actions and employment practices of Defendant occurring within the District of Columbia.

3. Plaintiff Anthony Bouknight ("Bouknight") has exhausted his administrative remedies and timely files this action pursuant to the right to sue letter attached as Exhibit A.

4. Plaintiff brings this action for discrimination on the basis of race (African-American).

**FACTS**

5. Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

6. Plaintiff was hired by the Defendant as a Paramedic in December of 1991.

7. Plaintiff at all relevant times was a Paramedic employed by the Defendant.

8. On August 6, 2006, Plaintiff and his partner, Paramedic Matthew Shook, were dispatched to 3800 Reservoir Road, N.W., Washington, D.C. with the event type "Conscious with Abnormal Breathing."

9. Upon arriving at the scene, an engine company, turned care of the patient over to the Plaintiff and his partner, Paramedic Shook.

10. On the date of the incident Paramedic Shook was in charge of patient care while Plaintiff Bouknight was the driver of the medic unit.

11. Plaintiff assisted the patient's mother into the front passenger seat.

12. Plaintiff checked with Paramedic Shook, who was in the back of the unit supposedly working on the patient obtaining vitals, and Shook indicated that he was okay with the patient and that they could proceed to the emergency room.

13. Plaintiff transported the patient and her mother to the emergency room at Georgetown University Hospital.  Plaintiff exited the unit and assisted the patient's mother in getting out of the unit.  By the time Plaintiff made his way around to the back of the unit, he saw that Paramedic Shook had the patient and was already entering the emergency room doors.

14. Paramedic Shook entered the Emergency Room with the patient and Plaintiff went into the back of the unit and prepared it for the next patient.

15. Once Paramedic Shook returned to the unit Plaintiff proceeded back in service.

16. When Plaintiff and Paramedic Shook returned to the firehouse Plaintiff observed Paramedic Shook make the required journal entry regarding their run.

17. On August 22, 2005 Plaintiff and Paramedic Shook were instructed to report to their Captain's office, Captain Hattie Thompkins.

18. Once arriving at the Captain's office on August 22, 2005 Plaintiff and Paramedic Shook were shown a complaint letter ("Letter") from the patient's mother regarding the August 6, 2005 run to Georgetown University Hospital ("Run").

19. Plaintiff provided a special report to the allegations made in the Letter as instructed by Captain Thompkins in the August 22, 2005 meeting.

20. On August 30, 2006 Captain Thompkins ordered Plaintiff to report to her office to discuss the August 6, 2005 Run .

21. Plaintiff requested that a Union Representative be present and the meeting was rescheduled.

3

22.    When Plaintiff was again called to the Captain's office on August 30, 2005, Plaintiff asked where the Union Representative was and he was told by Captain Thompkins and another supervisor that they just wanted to talk about the August 6, 2005 Run and he really did not need a Union Representative.

23.    Plaintiff was informed that no disciplinary action would be taken as a result of anything discussed on August 30, 2005.

24.    Immediately after the discussion on August 30, 2005 Plaintiff was informed that effective September 4, 2005 he and his partner, Paramedic Shook were being transferred from their assignment on Medic 1 and were being sent to separate units.

25.    Approximately one week later, Captain Thompkins informed Plaintiff that he had been transferred because he is Black and she ,the Captain, is Black and that Paramedic Shook is White and that although Plaintiff had done nothing wrong, he was being transferred because he is Black.

26.    Plaintiff objected to being singled out solely because of his race and he requested that no action be taken against him because he had done nothing wrong.

27.    On October 1, 2005, Captain Thompkins recommended that Plaintiff be suspended from work for "Inefficient; to wit: Negligent or careless work performance."

28.    Plaintiff was subsequently suspended for nine calendar days, and threatened with other disciplinary action.

**COUNT I**
**DISCRIMINATION**
**(Race and Reprisal )**

29.    Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

4

30. Plaintiff is African-American, and is a member of a protected group under Title VII of the Civil Rights Act of 1964, as amended.

31. Plaintiff performed his job duties satisfactorily.

32. Plaintiff was nonetheless subjected to adverse employment action, including being suspended for nine (9) days.

33. The adverse employment actions plaintiff was subject to were taken solely because of his race, and caused plaintiff to experience harassment.

34. Plaintiff has also been harassed and subjected to acts of reprisal for filing an EEO complaint.

35. Plaintiff's race played a motivating role and/or contributed to defendant's decision to take the action it took against plaintiff.

36. Plaintiff has been discriminated against based upon his race; he was singled out and disciplined solely because of his race. Plaintiff has been treated differently and subjected to different terms and/or conditions of employment as well as a hostile work environment, and reprisal due to his race.

37. The Defendant is responsible for the actions of Captain Thompkins under the doctrine of *Respondeat Superior*.

38. Defendant has failed to address a pattern and practice of discrimination in the work place that Plaintiff has been subjected to.

39. Plaintiff has received differential treatment, adverse employment actions and disparaging treatment from his supervisors based on his race and reprisal.

40. Plaintiff has been subjected to harassment and adverse employment action. Specifically he was suspended for nine days, and he has been threatened with other disciplinary action.

41. Due to the adverse treatment and hostile work environment Plaintiff has been subjected to harassment, reprisal, embarrassment, humiliation, pain and suffering, as well as emotional distress. Plaintiff has sustained damages and/or injuries that are permanent in nature.

42. Plaintiff has also incurred lost wages, medical bills and costs, and other related expenses.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

b. Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

c. Equitable, Declaratory and injunctive relief;

d. Award such other and further relief as this Court deems just and proper.

## COUNT II
### (Intentional Infliction of Emotional Distress)

43. Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

44. The actions of the Defendant by and through its employees were extreme and outrageous conduct.

45. Defendant by and through its employees committed the discrimination intentionally and caused Plaintiff severe emotional distress and embarrassment.

46. Defendant by and through its employees should have known that their behavior would have the probable consequences of causing Plaintiff severe emotional and psychological distress.

47. Defendant's actions did in fact cause Plaintiff great emotional and psychological distress, humiliation, embarrassment and pain and suffering. Plaintiff was required to seek medical assistance, care and treatment.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

      a.      Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

      b.      Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

      c.      Equitable, Declaratory and injunctive relief;

      d.      Award such other and further relief as this Court deems just and proper.

## COUNT III
### (Negligence)

48.    Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

49.    Defendant owed Plaintiff the duty to allow him to work in an environment free of discrimination, and a hostile work environment.

50.    As a result of the Defendants negligence, the Plaintiff, has in the past and will in the future experience, pain and suffering, humiliation, embarrassment, emotional distress, and mental anguish.

51.    The Defendant was negligent, by and through its employees, in that it breached the applicable standard of care owed to Plaintiff.

52.    The above negligent acts and/or omissions by Captain Thompkins, directly and proximately caused significant injuries and losses, economic and non-economic, to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

      a.      Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

      b.      Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

      c.      Equitable, Declaratory and injunctive relief;

   d.  Award such other and further relief as this Court deems just and proper.

## COUNT IV
### (Negligent Hiring and Negligent Supervision)

  53.  Plaintiff incorporates all information and allegations contained in the foregoing paragraphs as if fully set forth herein.

  54.  At all times relevant to the instant action, Captain Thompkins was an employee of this Defendant and at the time of the occurrence, was acting within the course and scope of her employment.

  55.  Defendant knew or should have known that Captain Thompkins was not adequately fit for hire for the duties that she was to carry out and that in the course of her promotions within the Fire and EMS Department that she exhibited behavior that indicted that her work and actions be properly supervised.

  56.  Defendant knew or should have known that Captain Thompkins required supervision at the times and based on the circumstances relevant to this case and defendant failed to provide said supervision.

  57.  Defendant knew or should have known at the time of hiring Captain Thompkins and/or after observing her in the performance of her duties, that she was unfit to fulfill the duties and obligations of her position, and that she would not take proper measures regarding the performance of her duties and obligations of her job as required by the policies and procedures then in effect.

  58.  Defendant had a duty to refrain from hiring Captain Thompkins and/or to properly supervise retaining Captain Thompkins to perform the duties and obligations required of her job, and to not retain Captain Thompkins when her performance revealed that she was not properly performing her duties.

59.     As a direct and proximate result of the negligence of the Defendant by and through its employees, plaintiff suffered pain and injuries, mental anguish, has incurred other related costs, without any negligence whatsoever contributing thereto on the part of the Plaintiff.

60.     As employer and/or principal of Captain Thompkins, Defendant under the doctrine of *Respondeat Superior*, is responsible for the negligent acts its employees perform in the course and scope of their employment.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory and punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00);

b.  Award, pursuant to 42 U.S.C. Section 2000(e)-(5)(k), reasonable attorney's fees and costs incurred and for this action; and

c.  Equitable, Declaratory and injunctive relief;

d.  Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: _____/s/_____
Donna Williams Rucker, Esquire
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131   Office
(301) 587-1872   Facsimile

## JURY DEMAND

Plaintiff requests a jury trial on all issues.

_____/s/_____
Donna Williams Rucker

9

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5068 0435

Mr. Anthony Bouknight
c/o Donna Williams Rucker, Esquire
Law Offices of DuBoff & Associates
Attorneys at Law
8401 Colesville Rd., Ste. 501
Silver Spring, MD 20910-3349

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

September 27, 2006

Re: EEOC Charge Against District of Columbia Fire & Emergency Services
    No. 10C200600065

Dear Mr. Bouknight:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by [signature]

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Washington Field Office, EEOC
    District of Columbia Fire & Emergency Services

PLAINTIFF'S EXHIBIT A

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

06-2118
RMU

## I (a) PLAINTIFFS

ANTHONY BOUKNIGHT
1618 Winesapp Drive
Odenton, Maryland 21113

88888

## DEFENDANTS

D.C. FIRE and EMS DEPARTMENT
441 4th Street, N.W., Suite 370
Washington, D.C. 20001

ET AL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Maryland
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donna Williams Rucker, Esquire
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131

ATTORNEYS (IF KNOWN)

CASE NUMBER 1:06CV02118
JUDGE: Ricardo M. Urbina
DECK TYPE: Employment Discrimination
DATE STAMP: 12/13/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ✗ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|                                     | PTF | DFT |                                                                    | PTF | DFT |
|-------------------------------------|-----|-----|--------------------------------------------------------------------|-----|-----|
| Citizen of this State               | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State          | ○ 4 | ⦿ 4 |
| Citizen of Another State            | ⦿ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State      | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation                                                 | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*

☐ 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC Sec 2000(e) et seq., Sec 1981 & DC Human Rights Act, Plaintiff was suspended & harassment due to his race and reprisal

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 500,000.00 +    Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE December 13, 2006   SIGNATURE OF ATTORNEY OF RECORD   *NOT SIGNED*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.