UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BOUKNIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    Civil No. 06-2118 (RMU) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| GOVERNMENT | ) |
| (FIRE AND EMS DEPARTMENT), | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

**DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Defendant District of Columbia, by and through undersigned counsel, hereby submits this instant Reply. In its Motion, the District asked for an order dismissing the above case and/or granting summary judgment in its favor for the following reasons: 1) Mr. Bouknight failed to exhaust his administrative remedies with respect to any Title VII retaliation claim; 2) his re-assignment to another unit is a lateral transfer and, therefore, does not constitute an adverse action under Title VII; 3) Mr. Bouknight failed to allege a hostile work environment; 4) Mr. Bouknight failed to give notice consistent with D.C. Code § 12-309; 5) his tort claims are subsumed in his discrimination claim; and 6) Mr. Bouknight has failed to state a claim upon which relief may be granted on his claim of intentional infliction of emotional distress.

Mr. Bouknight's Opposition makes several important concessions and fails to rebut the District's arguments. Accordingly, the Court should grant the District's Motion.

1. **PLAINTIFF'S OPPOSITION MADE SEVERAL IMPORTANT CONCESSIONS THAT SHOULD RESULT IN DISMISSAL OF HIS COMMON LAW, D.C. HUMAN RIGHTS ACT AND RETALIATION CLAIMS.**

    a. **Plaintiff Agreed to Voluntarily Dismiss His Retaliation Claim.**

The Opposition indicates that the plaintiff will dismiss his retaliation claim because it is "pending before the D.C. Office of Human Rights and a decision has not yet issued." (Opposition at 2.) Therefore, the Court should dismiss this claim at this time.

    b. **Plaintiff Agreed to Voluntarily Dismiss his Common Law Claims of Intentional Infliction of Emotional Distress, Negligence and Negligent Hiring and Supervision.**

The Opposition also agrees that the IIED and negligence claims are "subsumed in his claim for race discrimination" and should be dismissed. (Opposition at 2.) He also agreed to voluntarily dismiss his negligent hiring and supervision claim. Therefore, the Court should dismiss all of these claims.

    c. **Plaintiff Concedes that He Did Not Provide the District with Notice Consistent with D.C. Code 12-309.**

Finally, the Opposition concedes that the plaintiff did not file any notice consistent with D.C. Code § 12-309. (Opposition at 2.) Additionally, the plaintiff does not challenge that D.C. Code § 12-309 notice is required for any claims under the D.C. Human Rights Act. Therefore, with such a concession, the Court should grant summary judgment in the District's favor on all of Mr. Bouknight's common law claims and his purported D.C. Human Rights Act claim.[1]

---

[1] The Opposition curiously states: "As regards plaintiff's reprisal claim plaintiff has served the District of Columbia a Notice pursuant to 12-309." (Opposition at 2.) Undersigned counsel understands this to mean that Mr. Bouknight submitted § 12-309 notice for the retaliation claim that he is voluntarily dismissing from the instant case because it is pending before the D.C. Office of Human Rights. (Opposition at ¶ 5.) If this is not correct, the District would like an opportunity to respond to this statement in a supplemental filing.

**2. THE PLAINTIFF'S OPPOSITION FAILS TO REBUT THE DISTRICT'S STRONG LEGAL ARGUMENTS WITH RESPECT TO HIS TITLE VII CLAIMS.**

By the plaintiff's own admission, then, the only remaining claims are grounded in Title VII, *i.e.,* his purported race discrimination claims with respect to the transfer and suspension and his claim of a hostile work environment. However, the record and relevant case law refutes Mr. Bouknight's claims that he properly alleged a race discrimination claim based on his transfer and a hostile work environment.[2]

**a. Neither the Amended Complaint Nor the Opposition Demonstrates that Plaintiff's Re-Assignment Was an Adverse Action.**

In its Motion, the District argued that Mr. Bouknight's re-assignment to another medic unit is not actionable because it is a lateral transfer, and therefore, is not an adverse action. *See Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999). Notably, the Amended Complaint did not allege that his re-assignment from Medic 1 to another unit resulted in any diminution in pay or benefits or that he suffered any other materially adverse consequences. For that reason alone, the Court should dismiss this claim with prejudice.

In his Opposition – for the first time – Mr. Bouknight claimed that his re-assignment was a "tangible loss" because it "caused a great amount of stress and inconvenience because the shift change upset the family schedule." (Opposition at 9.) Notably, the Amended Complaint fails to provide *any* facts or details whatsoever regarding a "shift change" and/or how the shift change resulted in "stress and inconvenience."

Even if the plaintiff had alleged some facts that demonstrated the nature and extent of the inconvenience he allegedly has experienced as a result of his re-assignment, the plaintiff would

---

[2] Mr. Bouknight's Title VII race discrimination claim based on his suspension was the only claim that the District did not challenge in its Motion. It is unclear why Mr. Bouknight made arguments in his Opposition addressing that claim.

3

still fail to state a claim because mere inconvenience alone cannot serve as a basis for an adverse employment action. *See Childers v. Slater,* 44 F.Supp.2d 8, 19 (D.D.C. 1999), *citing*, *Jones v. Billington,* 12 F.Supp.2d 1, 14 (D.D.C.1997) ("[m]ere inconveniences and alteration of job responsibilities will not rise to the level of adverse action"). *See also Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998) (concluding that an increased commute was a "mere inconvenience" and not an adverse action). In his Amended Complaint, the plaintiff has failed to allege any facts that even demonstrate a "mere inconvenience" much less facts that can be construed as an adverse employment action. Additionally, the OHR Letter of Determination concluded that the transfer was *not* an adverse action because, once reassigned, "he had essentially the same paramedic responsibilities in the new assignment as he had on Medic 1." (Letter of Determination at 9.) Plaintiff's Opposition fails to provide any facts or case law from which this Court could conclude otherwise.

      **b. The Opposition Does Not Save His Deficient Hostile Work Environment Claim.**

The District argued in its Motion that the plaintiff's Amended Complaint simply failed to allege any facts to support a claim of a hostile work environment. The two distinct actions alleged in the Amended Complaint, *i.e.*, his transfer and his suspension, even when analyzed together, are patently insufficient to survive a Rule 12(b)(6) challenge.

The Opposition makes broad conclusory statements, like "plaintiff did allege facts regarding a hostile work environment," and "there were complaints made that could be evidence of a hostile work environment" (Opposition at 6; 13.) Moreover, the plaintiff states in his Statement of Material Facts in Dispute that "plaintiff was subjected to a hostile work environment" and cited the Amended Complaint. However, such conclusory statements and the circuitous logic of citing to the Amended Complaint – which is all that the Court should look at

4

in a Motion to Dismiss – fails to state a claim upon which relief can be granted for a hostile work environment claim.

As stated in the District's motion, a hostile work environment is one that is "permeated with discriminatory intimidation, ridicule, and insult" that is severe enough to "alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993). Administrative actions—even if "unfair"—are not "hostile" unless they are tinged with "intimidation, ridicule, and insult." *Id.* While Mr. Bouknight's suspension may be actionable under a disparate treatment claim, which involves a different set of criteria and elements of proof, his suspension (even with coupled with the transfer) are simply not relevant to his hostile work environment claim. Accordingly, in the absence of any allegations in the Amended Complaint to support such a claim, plaintiff's hostile work environment claim should be dismissed.[3]

---

[3] Additionally, the defendant argued in its Motion that the plaintiff failed to exhaust administrative remedies with respect to his hostile work environment claim. In his Opposition, Mr. Bouknight stated that "this allegation was in fact investigated and evidenced in the Letter of Determination issued by the D.C. Office of Human Rights," which was also attached as Plaintiff's Exhibit 9. (Opposition at 1.)

However, it is not clear that Mr. Bouknight exhausted administrative remedies with respect to his hostile work environment claim. First, the December 5, 2005 Charge of Discrimination does not allege a hostile work environment. In fact, it only alleges one incident – on September 4, 2005 – when Mr. Bouknight was informed that he would be transferred to another medic unit. (Defendant's Exhibit A.) This single incident is an insufficient factual basis for a hostile work environment claim. Moreover, it does not claim that there was a hostile work environment or use any other special or significant language that would otherwise describe a hostile work environment.

Second, the March 21, 2006 Amendment to the Charge of Discrimination does not provide any notice of a hostile work environment claim. (Defendant's Exhibit B.) Significantly, the Amendment refers to the original, December 5, 2005, Charge only as "discrimination based on my race {African-American)," *not* as a hostile work environment claim. (Defendant's Exhibit B.) Moreover, the March 21, 2006 Amendment only adds a single incident to his claim, *i.e.,* the nine-day suspension. *Id.* The Amendment fails to provide any facts that would lead to the conclusion that Mr. Bouknight was alleging a hostile work environment nor does it use the words "hostile work environment." (Defendant's Exhibit B.)

Third, plaintiff's contention that a hostile work environment was alleged at the administrative level and investigated by the D.C. Office of Human Rights is misleading. (Opposition at 1.) In the absence of any facts in the Charge and/or Amendment to the Charge alleging or describing a hostile work environment, it is not clear that OHR came to investigate a hostile work environment allegation in the first place. Nevertheless, it appears that at some point, OHR investigated Mr. Bouknight's allegations

5

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.

---

about a supervisory threat. (Plaintiff's Exhibit 9.) Although it is not clear whether this alleged supervisory threat is the factual basis for Mr. Bouknight's hostile work environment claim, any such facts related to a supervisory threat are noticeably absent from the Amended Complaint. (Plaintiff's Exhibit 9.) Moreover, OHR determined that the District did not discriminate against Mr. Bouknight based on the alleged supervisory threat because it only happened on one occasion and was not an adverse action. (Plaintiff's Exhibit 9 at 9.) In addition, the EEOC did not make any factual finding with respect to Mr. Bouknight's administrative claim. (*See* September 27, 2006 Right to Sue Letter, attached to Plaintiff's Amended Complaint as Exhibit 1.)

Therefore, based on the available facts, Mr. Bouknight did not allege a hostile work environment claim in his original Charge or his Amended Charge. Moreover, the allegation of a single supervisory threat, which OHR apparently examined, is strangely absent from the Amended Complaint. In the absence of any facts describing a hostile work environment at the administrative level or in the Amended Complaint, the Court should conclude that Mr. Bouknight did not exhaust his administrative remedies for a hostile work environment claim and any such claim should be dismissed with prejudice and/or summary judgment entered in the District's favor.

        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6600
        (202) 727-3625 (fax)
        E-mail: James.Vricos@dc.gov