**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | |
|---|---|
| ANTHONY BOUKNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-2118 |
| ) | |
| DISTRICT OF COLUMBIA, ) | **DRAFT** |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT UNDER LOCAL CIVIL RULE 16.3

The following information is provided consistent with Local Civil Rule 16.3(c):

"Pursuant to Local Rule 16.3, the parties conferred on May 28, 2008. This report sets out positions of the parties and any agreements reached. The Parties set forth below the relevant text of each sub part of the rule followed by the Parties joint position, if there is one, or by the Plaintiffs' and the Defendant's positions where they are not in agreement."

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

There are no dispositive motions pending. Plaintiff does not believe that this matter will be resolved by dispositive motion. Defendant reserves the right to file any appropriate dispositive motions.
.
(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties propose that all parties be joined or pleadings amended within 60 days of the initial scheduling conference

At this stage of the case, the Parties are not able to identify factual or legal issues to be agreed upon or narrowed.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The Parties do not consent to assignment to a magistrate judge for trial**.**

(4) Whether there is a realistic possibility of settling the case.

Plaintiff believes that this matter could settle; the defendant will entertain all reasonable offers of settlement.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Plaintiff's counsel discussed mediation with her and plaintiff is open to mediation at any stage of the litigation; Defendant would consider mediation after the close of discovery, and a decision on any dispositive motion has been made.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendant believes this case can be resolved in whole or in part by dispositive motion at the end of discovery. Plaintiff believes a dispositive motion will not resolve the case.

The Parties agree that dispositive motions should be filed not later than 60 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 15 days after filing of oppositions.

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The Parties will not dispense with initial disclosures under Fed. R. Civ. P. 26(a)(1). The parties request that disclosures be provided within 20 days, however, after the Initial Conference.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The Parties propose 180 days to complete standard discovery, followed by the motion schedule proposed in ¶ 6. The Parties request 30 interrogatories per side and 5 non-party depositions per side; the Parties anticipate that protective orders may be required for personnel records and other information covered by the Privacy Act and Federal and District law.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. Rule 26(a) (2), and propose that Proponent's Rule 26(a)(2) (B) statements be due 60 days before the close of discovery and Opponent's statements be due 30 days following receipt of Proponent's statements.

(10) Procedures in class actions.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The Parties do not anticipate the need for a bifurcated trial. Defendant reserves the right to move for bifurcation should the need arise.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The Parties propose that the date for the pretrial conference be set at any post discovery status conference.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Parties propose that the trial date be set at the pre-trial conference.

(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

The Parties are not aware of any additional matters.

(15) Statements of the Case:

Plaintiff:

Plaintiff, Anthony Bouknight was discriminated against and subjected to reprisal by defendant when he was disciplined and harassed based upon his race (African-American) and subjected to reprisal including a hostile work environment. Plaintiff was subjected to discipline based solely upon his race and has been harassed as outlined in his Amended Complaint.

Defendant:

The plaintiff has not alleged the type of conduct that can support a hostile workplace claim. Likewise, plaintiff's discrimination claim under title VII fails in that his transfer to another medical unit was race neutral, represented a lateral transfer, and was not an adverse employment action.

Respectfully submitted,

_____
DONNA WILLIAMS RUCKER, 446713
DuBoff and Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, MD 20910
(301) 495-3131
Attorney for Plaintiff

Respectfully submitted,
PETER J. NICKLES
Interim Attorney General, for the,
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/ Toni Michelle Jackson_____
TONI MICHELLE JACKSON (453765)
Interim Chief, Civil Litigation, Section III

  /s/ Ronald W. Gill_____
RONALD W. GILL, ESQ. (975414)
Assistant Attorney General
Civil Litigation Division, Section III
441 4th Street N.W., 6th floor, South
Washington, D.C. 20001
Direct Line: (202) 741-0760
E-mail: ronaldw.gill@dc.gov